UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD LEE ARBUCKLE,

        Plaintiff,        Case No. 2:03-cv-83

v.        HON. ROBERT HOLMES BELL

C. SMITH, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Gerald Lee Arbuckle, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Smith, Miron, T. Alieo, R. Bobo, McBurney, D. Gramm, P. Carberry, Bouchard, Caruso and Irvine.

Plaintiff alleges in his complaint that he was subjected to a minor misconduct ticket for possession of contraband while in administrative segregation, despite the fact that he was never advised that the property at issue was considered contraband. Plaintiff claims that he was found guilty of the misconduct due to the Defendants' actions in denying him a fair investigation and hearing. Plaintiff contends that Defendants' conduct violated his rights under the First and Fourteenth Amendments. Plaintiff seeks both damages and equitable relief.

Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the

party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). While the evidence must be viewed in the light most favorable to the nonmoving party, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that plaintiff is not entitled to the protections of procedural due process because he was only subjected to three days loss of privileges, that he received all the process due prior to and during his minor misconduct hearing, and that he was given the misconduct ticket for possession of contraband while in administrative segregation six months after he was notified with all other inmates that the rule had changed. Further, Defendants assert that the prison policies are maintained in the law library and are available to plaintiff.

Plaintiff's complaint alleges that Defendants' actions violated his Fourteenth Amendment right to procedural due process. In *Sandin v. Conner*, 515 U.S. 472 (1995) the Plaintiff alleged that prison officials deprived him of procedural due process by refusing to allow him to present witnesses during a disciplinary hearing and then sentencing him to segregation for misconduct. *Sandin*, 515 U.S. at 474, 115 S. Ct. at 2294. In reversing the Ninth Circuit's decision that the prisoner had a liberty interest in remaining free of disciplinary segregation, the Supreme

Court abandoned the search for mandatory language in prisoner regulations as previously called for under *Hewitt v. Helms*, 459 U.S. 460 (1983), and ruled instead that it was time to return to the due process principles which were established in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Meachum v. Fano*, 427 U.S. 215 (1976). *Sandin*, 515 U.S. at 483, 115 S. Ct. at 2300 (internal citations omitted).

In *Sandin*, the Supreme Court noted that in some cases, a restraint might be so extreme as to implicate rights arising directly from the Due Process Clause itself. *Sandin*, 515 U.S. at 483-484, 115 S. Ct. at 2300 (internal citations omitted). In addition, the Court recognized that States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300. However, such restraints are rare and do not include, for example, transfer into solitary confinement. *Sandin*, 515 U.S. at 486, 115 S. Ct. at 2301. Nor does placement in administrative segregation normally constitute such a hardship. *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.), *cert. denied*, 522 U.S. 848 (1997); *Rimmer-Bey v. Brown*, 62 F.3d 789 (6th Cir. 1995).

A plaintiff seeking to allege a procedural due process violation based on a state created liberty interest must not only show it is derived from mandatory language in a regulation, but also that it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300; *Rimmer-Bey*, 62 F.3d at 790-791. Pursuant to *Sandin*, "a liberty interest determination is to be made based on whether it will affect the overall duration of the inmate's sentence, and there is no evidence here that the segregation will impact Plaintiff's sentence." *Jones*, 155 F.3d at 812. Because Plaintiff's punishment in this case

was only three days loss of privileges, Plaintiff cannot allege facts constituting an "atypical and significant hardship." Plaintiff's claim that he was denied procedural due process is without merit.

Moreover, even assuming that due process is implicated, Plaintiff received all the process that was due. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original); *Wolff v. McDonnell*, 418 U.S. 539, 569-70 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986).

Plaintiff received notice of the misconduct, was given a hearing. and had the opportunity to be heard. Moreover, Plaintiff's property was returned to him after he was released to general population. Six months prior to the confiscation of Plaintiff's tape player and batteries, the MDOC made a policy change which disallowed property such as a tape player and batteries while a prisoner is housed in administrative segregation. That rule was announced to all prisoners and the prison policies are available for every prisoner for review. Prisoners were allowed to turn newly banned items in for storage until they were released to general population. All prisoners have their cells routinely searched for contraband. All administrative segregation prisoners were subjected to

a cell search and those who had contraband were issued minor misconduct tickets. Plaintiff has failed to support a violation of his First Amendment or his Fourteenth Amendment rights. Plaintiff has failed to show that Defendants' conduct in conducting a routine search of his cell violated his First Amendment right to be free from retaliation or his Fourteenth Amendment right to equal protection. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 *1037 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the Defendants' alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Plaintiff received a minor misconduct ticket solely because he had contraband in his administrative segregation cell. Plaintiff cannot show that his minor misconduct ticket was given in retaliation for protected conduct.

Similarly, for these reasons, Plaintiff cannot support an equal protection claim. Plaintiff's allegations that he was denied the equal protection of the laws lack merit . To establish a violation of the Equal Protection Clause, a prison inmate must prove that a discriminatory intent or purpose against a disfavored class or excluded group was a factor in an action taken by prison officials. *See McCleskey v. Kemp*, 481 U.S. 279 (1987); *Heckler v. Mathews*, 465 U.S. 728 (1984); *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252, 265 (1977). The claim that Plaintiff was treated one way and everyone else was treated another way, by

itself, is not sufficient to state an equal protection claim. *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 510 U.S. 842 (1993).  Rather, Plaintiff must demonstrate that he was victimized by some suspect classification. *Id.*  A person's conduct is legitimate for purposes of this clause even though it may have been mean-spirited, ill-considered, or otherwise unjustifiable, objectionable or unreasonable, so long as it was not motivated by class-based discrimination. *See Galbraith v. Northern Telecom Inc.*, 944 F.2d 275, 282 (6th Cir. 1991), *cert. denied*, 503 U.S. 945 (1992).  Absent some allegation or proof that the law was applied differently to Plaintiff because of race, gender, age, or some other improper classification, no equal protection claim has been stated. *See Wagner v. Higgins*, 754 F.2d 186, 194 (6th Cir. 1985) (Conte, J., concurring).  Plaintiff received the minor misconduct violation for having contraband.  There is no dispute that Plaintiff violated the rule by having contraband.

Accordingly, it is recommended that the court grant Defendants' motion for summary judgment (docket #40) and dismiss this case in its entirety.

*NOTICE TO PARTIES*:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 9, 2005